WILLIAM ARGANDA
6038 Warner Avenue
Huntington Beach, CA  92647
(714) 925-4436

In pro per



FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 26 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                     DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

SACV11 - 01500 GW(VBK)

WILLIAM ARGANDA,

               Plaintiff,

       vs.

CITY OF WESTMINSTER,
a Municipal Corporation,

RONALD COOPMAN,
Chief of Police in his official capacity,

and

DOES 1 through 100, inclusive,

               Defendants.

Case No. _____

**COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983 – PROCEDURAL DUE PROCESS – PROPERTY INTEREST, 42 U.S.C. § 1983 – PROCEDURAL DUE PROCESS – LIBERTY INTEREST and DEMAND FOR JURY TRIAL**

1.    This action arises under 42 U.S.C. § 1983 as hereinafter more fully appears.  This court has jurisdiction under 28 U.S.C. § 1343.

2.    At all times herein mentioned, Plaintiff was and now is a citizen of the United States and resides in Orange County, California, and was employed as peace officer by the City of Westminster ("City").

3.    Defendant City is a duly constituted municipal corporation operating under the laws of the State of California and wholly situated in the County of

1  Orange.   Westminster Police Department ("WPD") is an operating department of
2  said City.

3      4.    Ronald Coopman is the current Chief of Police at the WPD.  In doing
4  all of the things hereinafter mentioned, he acted under color of his authority and
5  under color of the statutes, regulations, customs, and usage of the City and the
6  aforementioned WPD.

7      5.    The true names and capacities whether individual, corporate, associate
8  or otherwise of Defendants, Does 1 through 100, inclusive, are unknown to Plaintiff,
9  who, therefore, sues said Defendants by such fictitious names.  Plaintiff will seek
10  leave of court to amend this Complaint to show the true names and capacities of said
11  Defendants when the same have been ascertained.

12      6.    Plaintiff is informed and believes, and on that basis alleges, that each of
13  the Defendants, including Doe Defendants, was at all relevant times the agent,
14  employee, or representative of the remaining Defendants and was acting at least in
15  part within the scope of such relationship.

16          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17      7.    William ("Bill") Arganda ("Arganda") was hired by WPD in June
18  1991.  He served there for 18 years and rose to the rank of sergeant, having passed
19  all probationary periods.

20      8.    In November 1996, City hired Cynthia Sanders ("Sanders") as its Risk
21  Manager.

22      9.    On February 3, 1993, Arganda and Sanders married.

23      10.    In February 2007, Sanders filed for a divorce which became
24  contentious in the extreme and impacted the workings within the WPD.  The divorce
25  was final in November of 2008.

26      11.    Approximately April 5, 2009, an Internal Affairs investigation was
27  commenced against Arganda for alleged CLETS violations.

28

12. A Skelly meeting was held on September 16, 2009, and Arganda was terminated for the alleged CLETS violations on September 24, 2009.

13. Thereafter, through Arganda's then-attorney, Robin Sergi ("Sergi"), he demanded an appeal of his termination pursuant to California Government Code § 3304(b) and procedural due process. On March 1, 2010, the City requested that the appeal of Arganda's termination be postponed until the criminal matters pending against him were resolved. Arganda agreed to this. After the criminal matter was resolved, Arganda again demanded an appeal. No appeal has ever been given to Arganda with regard to his termination. City later claimed that Sergi waived his client's rights to appeal via e-mail and that alleged waiver was followed up by e-mail and letter by the City's attorney to Sergi with no response.

14. Arganda learned of this alleged waiver in an April 6, 2011 letter, which was a response to a letter from his then-attorney, Gregory G. Petersen, demanding the appeal be scheduled immediately. Arganda denied giving his attorney authority to waive his appeal rights.

15. Arganda's attorneys demanded copies of the alleged e-mail waiving Arganda's rights and the e-mails and letter that purportedly were sent to Sergi to confirm the waiver. City has refused to provide any of the requested e-mails or letters.

16. As a public employee who had completed his probationary period, Arganda had a legitimate claim to entitlement to continued employment and thus a property interest in continued employment with WPD. Mendoza v. Regents of the University of California (1978) 78 Cal. App. 3d 168; Skelly v. State Personnel Board (1975) 15 Cal. 3d 194. Therefore, due process demanded that Arganda have notice and an opportunity to be heard which was not afforded him.

///

///

///

# FIRST CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983, FOURTEENTH AMENDMENT - PROCEDURAL DUE PROCESS – PROPERTY INTEREST

### (Against All Defendants)

17.    Plaintiff incorporates by reference every preceding paragraph in this Complaint.

18.    Plaintiff was at all times a person guaranteed certain rights by the Constitution of the United States of America, including the rights enumerated in and implied by the Fourteenth Amendment to the Constitution, which guarantees the right to due process when a person is deprived of a property interest.

19.    Defendants are, and at all times relevant were, governmental entities, or persons acting under color of law, as agents of governmental entities and were barred from preventing the exercise of Plaintiff's constitutional rights, or taking any adverse against Plaintiff without providing due process of law, a full evidentiary appeal of the termination.

20.    Defendants, acting under color of law, violated Plaintiff's rights by engaging in a course of conduct that has included, but was not limited to, not providing a full evidentiary hearing as alleged above.  At the time Defendants took these actions, Defendants knew, or reasonably should have known, that their conduct would violate Plaintiff's clearly established rights.

21.    Defendants' actions were undertaken pursuant to their official long-standing policies and customs and were directed and ratified by policy-making officials of the City so as to render the City liable as a "person" acting under color of law pursuant to 42 U.S.C. § 1983.

22.    As a result of Defendants' violations of Plaintiff's rights and resulting injuries as alleged, Plaintiff is entitled to recover attorney's fees and costs of suit.

///

///

## SECOND CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983, FOURTEENTH AMENDMENT -

## PROCEDURAL DUE PROCESS – LIBERTY INTEREST

### (Against All Defendants)

23.    Plaintiff incorporates by reference every preceding paragraph in this Complaint.

24.    Plaintiff was at all times a person guaranteed certain rights by the Constitution of the United States of America, including the rights enumerated in and implied by the Fourteenth Amendment to the Constitution of the United States, which guarantees the right to due process and freedom to pursue employment opportunities without stigmatization. Defendants stigmatized Plaintiff's reputation within the law enforcement community.  By not affording Plaintiff the opportunity to appeal his termination, Defendants have deprived Plaintiff of his procedural due process rights by encroaching on his liberty interests guaranteed by the Fourteenth Amendment.  By not affording Plaintiff the proper opportunity to be heard after taking adverse employment action against him, Defendants have deprived Plaintiff of procedural and substantive due process rights by encroaching on his liberty interests, interests guaranteed by the Fourteenth Amendment so as to impair his ability to obtain gainful employment in his profession.

25.    Defendants are, and at all relevant times were, governmental entities or persons acting, under color of law, as agents of governmental entities and were barred from preventing the exercise of Plaintiff's constitutional rights, or taking an adverse action against Plaintiff, as the result of the exercise of those rights and not allowing him to take an appeal therefrom to clear his good name.

26.    Defendants, acting under color of law, violated Plaintiff's rights by engaging in a course of conduct that included, but was not limited to, refusing to give him a name-clearing hearing as alleged above.  At the time Defendants took

these actions, Defendants knew, or reasonably should have known, that their conduct would violate Plaintiff's clearly established rights.

27.   Defendants' actions were undertaken pursuant to the official long-standing policies and customs of City, and were directed and ratified by policy-making officials of the City so as to render the City liable as a "person" acting under color of law pursuant to 42 U.S.C. § 1983.

28.   As a result of Defendants' violations of Plaintiff's rights, and resulting injuries as alleged, Plaintiff is entitled to recover attorney's fees and costs of suit.

WHEREFORE, Plaintiff prays for judgment as follows:

**First Claim for Relief**:

1.   An Order for a full evidentiary hearing to comply with due process for deprivation of property interests; or alternatively

**Second Claim for Relief**:

1.   An Order for a name-clearing hearing to allow Plaintiff to clear his good name;

**All Claims for Relief**:

1.   For attorney's fees pursuant to 42 U.S.C. § 1985;

2.   Costs of suit, including attorney's fees and costs; and

3.   Any other relief the Court may deem proper.

Dated:  September 26, 2011

WILLIAM ARGANDA
In pro per

## **DEMAND FOR JURY TRIAL**

The Plaintiff in the above-entitled action requests a trial by jury as provided by Amendment VII of the United States Constitution and by Rule 38 of the Federal Rules of Civil Procedure.

Dated:  September 26, 2011

WILLIAM ARGANDA
In pro per

Complaint for Violation of 42 U.S. C. § 1983 Procedural Due Process – Property Interest; Liberty Interest

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| William Arganda<br>6038 Warner Avenue<br>Huntington Beach,CA 92647<br><br>In Pro Per | CITY OF WESTMINSTER, a Municipal Corproration<br><br>RONALD COOPMAN, Chief of Police in his official capacity |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.0

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC§1983 Procedural due process property interest and liberty interest

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☑ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV11-01500**

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                        ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                        ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                        ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_                      Date September 26, 2011

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |