# EXHIBIT "1"

# City of Westminster



Westminster Police Department                                   Andrew Hall, Chief of Police

## MEMORANDUM

DATE: August 11, 2009

TO: Sgt. Bill Arganda

FROM: _____
*Andrew Hall, Chief of Police*

SUBJECT: Notice of Intent to Terminate

The purpose of this memorandum is to provide you with notice of my intent to terminate your employment with the City of Westminster Police Department effective Friday, August 28, 2009 at 1700 hours.

Your termination is based on my review of an administrative report prepared by Lt. Derek Marsh and my determination you improperly accessed the California Law Enforcement Telecommunication System (CLETS) 96 times, in regard to 15 people, for non-law enforcement purposes violating the following:

1) City of Westminster Personnel Policy Manual:
   A) Article II, Section 2, Subsection C – improper use of city equipment for personal advantage.
   B) Article X, Section 3, Subsection 11 – unauthorized use of city equipment for private or personal purposes.
   C) Article X, Section 3, Subsection 19 – violation of departmental rules and regulations.

2) Westminster Police Department Policy Manual:
   A) Section 340.3 (m) – exceeding lawful peace officer powers.
   B) Section 340.3 (o) – conduct contrary to the good order of the department.
   C) Section 340.3 (ee) – violation of California Penal Code Section 502 and California Vehicle Code Section 1808.45.
   D) Section 340.3 (jj) – Misuse of the Clets system.

The specific victims I am basing this action upon are as follows:

Notice of Intent
August 11, 2009
Page two

        Jennifer Latham (7 violations)
        Sandra Villareal (14 violations)
        Courtney Friel (3 violations)
        Jane Archer (10 violations)
        Amy Belanger (5 violations)
        Dayna Bockman (4 violations)
        Christie Goodsell (7 violations)
        Melinda Tyler (5 violations)
        Patrick Sweeney (15 violations)
        Krista Olivas Easton (1 violation)
        Christine Manlapeg (1 violation)
        Sue Norman (18 violations)
        Kandyce Nelson (1 violation)
        Stephanie Otto (3 violations)
        Sheri Peasley (2 violations)

Full details on each of these violations are detailed in Lt. Marsh's administrative report.

You will be provided a copy of all materials upon which this Notice of Intent to Terminate is based. These materials, which are voluminous in number, will be provided to you concurrently with, or soon after, receipt of this notice.

You are entitled to an administrative "pre-discipline process" intended to provide you with an opportunity to present a response to me for my consideration before making a final determination of discipline. No future determinations of discipline will be made until your response has been considered.

For complete information on your response, please review attached Policy and Procedure Section 340.6.

Thereafter, I will make a timely decision regarding discipline and present it to you in writing.

**TO PRESERVE YOUR RIGHT TO APPEAL**
You must contact my secretary, Judyth Lance, prior to 1700 on August 20, 2009, and schedule a pre-disciplinary (Skelly) review. That review will need to occur sometime after my return from vacation on August 31, 2009. No adverse employment action will be taken while a Skelly Appeal is pending.

Attachment

_[signature]_                                          8/12/09
NAME                                                  DATE

# WESTMINSTER POLICE DEPARTMENT

## Disciplinary Policy

In the event that disciplinary action is recommended, the Chief of Police shall provide the employee with written (Skelly) notice of the following information:

(a) Specific charges set forth in separate counts, describing the conduct underlying each count.

(b) A separate recommendation of proposed discipline for each charge.

(c) The entire investigation file with all of the materials considered and provided to the Chief in recommending the proposed discipline.

(d) An opportunity to respond orally or in writing to the Chief of Police within fourteen (14) calendar days, excluding public holidays, of receiving the Skelly notice.

    1. Upon a showing of good cause by the employee, the Chief of Police may grant a reasonable extension of time for the employee to respond.

    2. If the employee elects to respond orally, the presentation shall be recorded by the Department. Upon request, the employee shall be provided with a copy of the recording.

### 340.6 EMPLOYEE RESPONSE

The pre-discipline process is intended to provide the accused employee with an opportunity to present a written or oral response to the Chief of Police after having had an opportunity to review the supporting materials and prior to imposition of any recommended discipline. The employee shall consider the following:

(a) This Skelly response is not intended to be an adversarial or formal hearing.

(b) Although the employee may be represented by an uninvolved representative or legal counsel, the Skelly response is not designed to accommodate the presentation of testimony or witnesses.

(c) The employee may suggest that further investigation could be conducted or the employee may offer any additional information or mitigating factors for the Chief of Police to consider.

(d) In the event that the Chief elects to cause further investigation to be conducted, the employee shall be provided with the results of such subsequent investigation prior to the imposition of any discipline.

(e) The employee may thereafter have the opportunity to further respond orally or in writing to the Chief of Police on the limited issue(s) of information raised in any subsequent materials.

(f) Once the employee has completed his/her Skelly response or, if the employee has elected to waive any such response, the Chief of Police shall consider all information received in regard to the recommended discipline. The Chief shall thereafter render a timely written decision to the employee imposing, modifying or rejecting the recommended discipline.

(g) Once the Chief of Police has issued a written decision, the discipline shall become effective. The parties may agree to postpone discipline pending outcome of an appeal before the Merit Commission.

# WESTMINSTER POLICE DEPARTMENT

*Disciplinary Policy*

## 340.7 RESIGNATIONS/RETIREMENTS PRIOR TO DISCIPLINE

In the event that an employee tenders a written retirement or resignation prior to the imposition of discipline, such shall be noted in the investigative file, not to be retained in the employee's personnel file.

The tender of a retirement or resignation shall not, of itself, serve as grounds for the termination of the investigation.

## 340.8 POST SKELLY PROCEDURE

In situations resulting in the imposition of a written reprimand, suspension, punitive transfer, demotion, termination of an employee, except for probationary release, the employee shall have the right to an evidentiary appeal of the Chief's imposition of discipline pursuant to the operative memorandum of understanding (MOU) and personnel rules.

## 340.9 RELEASE OF PROBATIONARY EMPLOYEES

In the event that a probationary employee is terminated solely for unsatisfactory performance or the failure to meet department standards, the employee shall have no right to appeal and the following shall be considered:

(a) Release of a probationary employee for failure to complete probation shall be so reflected in the employee's personnel file.

(b) In the event that a probationary employee is disciplined or terminated for misconduct, the employee shall be entitled to appeal the decision in the same manner as set forth above. This appeal process may be held prior to or within a reasonable time after the imposition of discipline.

(c) At all times during any investigation of allegations of misconduct involving a probationary police officer, such officer shall be afforded all procedural rights set forth in Government Code § 3303 and applicable Department policies.

(d) The burden of proof for any probationary employee's appeal of disciplinary action shall rest with the employee and will require proof by a preponderance of the evidence.