**EXHIBIT "7"**

 

# Westminster Police Department

**MEMORANDUM**

**J. MITCHELL WALLER**
**CHIEF OF POLICE**

Date: May 4, 2010

To: Mr. Bill Arganda     From: _J. Mitchell Waller_
                                J. Mitchell Waller
                                Chief of Police

Subject: Notice of Intent to Terminate ref. Administrative Investigation Nos. 09-021, 09-033 & 09-042

## Notice:

Though your employment with the Westminster Police Department was terminated effective September 24, 2009, the listed Administrative Investigations were still pending. Consequently, it is my intention to affect discipline for Administrative Investigation Nos. 09-021, 09-033 and 09-042 as indicated below.

## Background:

On April 4th, 2009 Del Clanton met with Lieutenant Derek Marsh to report allegations of misconduct involving your on and off-duty behavior. The subsequent investigation conducted internally by Lieutenants Panella, Marsh, and Baker and externally by the Orange Police Department (OPD) revealed a number of incidents where you were found to have violated departmental policy and criminal statutes. Those incidents involved domestic violence allegations upon your ex-wife Cynthia Sanders in 2006-2007 and also in 2009 while dating your former girlfriend Alicia Clanton. In chronological order, you were found to have participated in the following incidents:

On or about August 1st, 2006 you were married to Cynthia Sanders (Arganda). In the ensuing months, you were involved in a series of incidents where you physically and emotionally abused Ms. Sanders. Some of those acts included: throwing objects at a moving vehicle driven by Ms. Sanders; grabbing Ms. Sanders by the arm and causing bruising; holding your hand over Ms. Sander's mouth temporarily preventing her from breathing; striking Ms. Sanders in the face with your hand, and; pushing Ms. Sanders into a closet. These incidents were investigated by OPD in 2007 and again in May 2009.

On or about February 26th, 2009 you were involved in a dating relationship with Alicia Clanton. The two of you were in your home in the City of Orange and were involved in an argument.



# Westminster Police Department

During this argument, you forcibly removed Ms. Clanton's keys from her hands and then in a downward motion, struck her in the hand with the keys causing injuries to Ms. Clanton's hands and fingers. Ms. Clanton photographed the injuries. This incident was reported to OPD on May 27, 2009.

On or about March 26, 2009 you were in a dating relationship with Alicia Clanton. The two of you were at your home in the City of Orange and became involved in an argument. Sometime during the argument, you placed your arms around Ms. Clanton's neck and restrained her in a headlock, forcing her to the ground and temporarily hindered her ability to breath. You then grabbed her by the hair before Ms. Clanton stopped the assault by punching you in the mouth. During the ordeal Ms. Clanton suffered injuries to her ear and wrist. She took photographs of the injuries. This incident was reported to OPD on May 27, 2009.

Sometime in or around February or March, 2009 you were in a dating relationship with Alicia Clanton. The two of you were in your bedroom inside your residence in the City of Orange. While in bed, you became involved in a verbal argument with Ms. Clanton. During this argument, you placed your hand over Ms. Clanton's mouth and nose in an attempt to obstruct her breathing. You then made several deprecating threats and statements to Ms. Clanton, and aggressively kissed her. You then grabbed her throat with your hand and squeezed her neck. You then climbed on top of her while pinning her legs onto the bed, and began biting her legs and forcibly placing your erect penis into her mouth. Despite Ms. Clanton's pleas to stop and her statements to you that you were hurting her, you continued this assault for several minutes. Your assault caused bruising to Ms. Clanton's legs. Ms. Clanton later photographed her injuries. This incident was reported to OPD on May 27, 2009.

Sometime between February and April 4, 2009 you were involved in a dating relationship with Alicia Clanton. During this time, you made (recorded) statements to Ms. Clanton threatening to undermine her efforts to become a police officer if she ever broke up with you. You were clearly heard on the recordings telling her "*I will go out of my way to get a hold of your background investigator,*" and also "*this is how I met her, this is how I know her, this is where she works, I told her how to beat a polygraph*". In your interview with Lieutenant Panella, you denied ever making those statements to Ms. Clanton. You also were heard on the recordings making other veiled threats against Ms. Clanton and her family members, stating "*I'll bug the fuck out of you and your family until you tell me I'm medically ok*". You also denied making this threat to Lieutenant Panella. Lastly, you possessed and withheld property (gun) of Ms. Clanton and refused to give it back to her. On the recordings Ms. Clanton is heard asking for the property and you are clearly heard refusing to return it to her. When asked by Lieutenant Panella if you had ever refused or delayed giving Ms. Clanton's gun back to her, you denied it. Details of these allegations can be found in AI No. 09-021.

On March 16, 2009 Officer Jerad Kent conducted a vehicle stop on Alicia Clanton for Vehicle Code violations. Upon making contact with Ms. Clanton, she handled her phone to Officer Kent



## *Westminster Police Department*

while stating "someone wants to speak with you". Officer Kent took the phone and said "hello" into the phone. You were on the phone and identified yourself to Officer Kent and told him "she's good to go", which Officer Kent interpreted as a request not to issue a citation. Because of your influence as a supervisor, Officer Kent released Ms. Clanton without a citation (AI No. 09-033).

On May 26th, 2009 you were involved in a dating relationship with Alicia Clanton. On this date you allowed Ms. Clanton into your home and became involved in a verbal argument which quickly turned physical. During this incident, Ms. Clanton alleged you pushed her head onto the kitchen counter, and placed your hand over her mouth and threatened to kill her. The Orange Police Department responded to the home on this date and documented the incident with a crime report. OPD investigators interviewed Ms. Clanton on May 27, 2009 who reported other purported acts of physical violence by you (details above).

On May 29th, 2009 a friend or yours contacted the OPD and reported witnessing the May 26th, 2009 incident between you and Ms. Clanton. The friend, Christina Goodsell, told OPD Investigator Trausch she was standing outside your residence and saw the incident unfold through a window. Ms. Goodsell told Investigator Trausch that Ms. Clanton was the aggressor in the argument and had physically assaulted you and your dog. Ms. Goodsell's eyewitness report of the events was advantageous to you in the criminal investigation being conducted by OPD. On June 1, 2009 Ms. Goodsell re-contacted Investigator Trausch and told him she had fabricated her story at your direction, and that you had told her what to say to OPD investigators.

The Orange Police Department (OPD) conducted an extensive investigation into the allegations, identifying several potential criminal acts perpetrated by you (listed above). Our own internal investigation into this matter further supports the evidence documented in the OPD investigation.

In September 2009, the Orange County Grand Jury indicted you on nine (9) criminal counts, including: three (3) felony counts of PC 273.5(a) *Domestic Battery with Corporal Injury* on victim Cyndie Sanders; four (4) misdemeanor counts of PC 243 (e) (1) *Domestic Violence Battery* on victim Alicia Clanton, and; one (1) misdemeanor count of PC 137(c) *Inducing False Testimony* (case number 09ZF0069).

On March 19, 2010 you pled guilty to one (1) misdemeanor count of PC 273.5(a) Domestic Violence with Corporal Injury.



# Westminster Police Department

**Discipline and Applicable Policy and Procedures:**

My decision is based on your off-duty conduct at your home in the City of Orange between 2006 and May 29, 2009 which has been found to have violated the following policies:

1. **Westminster Police Dept. Policy § 340.3(o)** *Criminal, dishonest, infamous or disgraceful conduct adversely affecting the employee/employer relationship, whether on or off duty-* Seven (7) total counts; 1) one count for pushing victim Clanton's head onto the kitchen counter and placing your hand over her mouth while threatening to kill her, and for inducing false testimony of the incident by Christina Goodsell; 2) one count for placing victim Clanton into a headlock and causing physical injury to her; 3) one count for striking victim Clanton with keys, causing injury to her hand; 4) one count for forcibly detaining victim Clanton on your bed while biting her legs and forcing your penis into her mouth; 5) one count for throwing objects at a moving vehicle driven by Ms. Sanders, grabbing Ms. Sanders by the arm and causing bruising, holding your hand over Ms. Sander's mouth temporarily preventing her from breathing, striking Ms. Sanders in the face with your hand, and pushing Ms. Sanders into a closet; 6) one count for lying to WPD investigators about statements made to victim Clanton when surreptitious recordings revealed you had indeed made the statements, and; 7) one count for threatening to undermine Ms. Clanton's employment opportunities by contacting Ms. Clanton's background investigator, refusing to return Ms. Clanton's property, and threatening Ms. Clanton and her family (AI No. 09-021).

    Discipline imposed – Termination on each of the seven counts.

2. **Policy § 340.3(ee)** *Violate Misdemeanor or Felony Statute-* Five (5) total counts; 1) one count for pushing victim Clanton's head onto the kitchen counter and placing your hand over her mouth, and for inducing false testimony of the incident by Christina Goodsell; 2) one count for placing victim Clanton into a headlock and causing physical injury to her; 3) one count for striking victim Clanton with keys, causing injury to her hand; 4) one count for forcibly detaining victim Clanton on your bed while biting her legs and forcing your penis into her mouth, and; 5) one count for throwing objects at a moving vehicle driven by Ms. Sanders, grabbing Ms. Sanders by the arm and causing bruising, holding your hand over Ms. Sander's mouth temporarily preventing her from breathing, striking Ms. Sanders in the face with your hand, and pushing Ms. Sanders into a closet.

    Discipline imposed – Termination on each of the five counts.

3. **Policy § 340.3(x)** *Knowingly Violate Department Policy-* Seven (7) total counts; 1) one count for pushing victim Clanton's head onto the kitchen counter and placing your hand over her mouth, and for inducing false testimony of the incident by Christina Goodsell; 2) one count for placing victim Clanton into a headlock and causing physical injury to her; 3) one count for striking victim Clanton with keys, causing injury to her hand; 4) one



## Westminster Police Department

count for forcibly detaining victim Clanton on your bed while biting her legs and forcing your penis into her mouth; 5) one count for throwing objects at a moving vehicle driven by Ms. Sanders, grabbing Ms. Sanders by the arm and causing bruising, holding your hand over Ms. Sander's mouth temporarily preventing her from breathing, striking Ms. Sanders in the face with your hand, and pushing Ms. Sanders into a closet; 6) one count for lying to WPD investigators about statements made to victim Clanton when surreptitious recordings revealed you had indeed made the statements, and; 7) one count for using your position as a WPD supervisor to wrongfully influence Officer Kent on a vehicle stop of Ms. Clanton.

Discipline imposed – Termination on each of the seven counts.

4. Policy § 340.3(l) *Wrongful or Unlawful Use of Authority*- One (1) count: one count for using your position as a WPD supervisor to wrongfully influence Officer Kent on a vehicle stop of Ms. Clanton (AI No. 09-033).

Discipline imposed – Termination

5. City of Westminster Personnel Policy Manual § 3 REASONS FOR DISCIPLINARY ACTION; Subsection 4 DISHONESTY- Four (4) total counts: 1) one count for pushing victim Clanton's head onto the kitchen counter and placing your hand over her mouth, and for inducing false testimony of the incident by Christina Goodsell; 2) three (3) counts for lying to WPD Lieutenant Panella. When asked if you had ever made specific statements to Ms. Clanton regarding: threats to harass her at her workplace, your refusal to return a gun to Ms. Clanton, and threatening to undermine Ms. Clanton's career opportunities, you said you had never made those statements. You were surreptitiously recorded by Ms. Clanton when you made those statements and the recordings clearly present evidence you indeed made the statements.

Discipline imposed – Termination on each of the four counts.

The pertinent facts and evidence supporting your termination for each of the above policy violations is included in the internal investigation submitted by Lt. Al Panella, ref. attached copy of Administrative Investigation No. 09-042, the internal investigations submitted by Lieutenant Marsh, and ref. attached copy of Administrative Investigations No. 09-021 and 09-033, and the OPD criminal investigations, DR No. 09-05-1326, incorporated by reference.

### Appeal Procedure for the Proposed Discipline:

Pursuant to the City Personnel Policy you have the right to respond to the charges either in person or in writing, this is commonly referred to as a *Skelly* meeting. You have the right to legal representation if you desire. You have five (5) working days from the date of receipt of this notice to request the *Skelly* meeting, Article X, Section 4 (A)(6). You may contact my assistance



# Westminster Police Department

Judyth Lance at (714) 548-3706 to schedule a meeting. Failure to respond by 1700 hours of the fifth day constitute a waiver of the right to respond prior to final discipline imposition.

### Materials:

You are being provided with a copy of all materials upon which this Notice of Intent to Terminate is based.

Supervisor serving this notice and copies of all materials:

_____          _____
Name                                                                    Date

I acknowledge receipt of this notice and supporting materials.

_____          _____
Name                                                                    Date